UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASCADE BANK,

    Plaintiff,

v.

P/C PHANTOM, *et al.*,

    Defendants.

CASE NO.  C07-0030RSM

ORDER OF DEFAULT
AND GRANTING
DEFAULT JUDGMENT

    This action was commenced on January 8, 2007.  Plaintiff sued defendant P/C Phantom *in rem* and defendant Alfred L. Jones *in personam*.  Defendant Jones has appeared *pro se*, and all of his filings explicitly state that he is appearing on his own behalf *in personam*.  The vessel Phantom has not appeared in this action.  As a result, plaintiff has moved pursuant to Federal Rules of Civil Procedure 55 and 56 and Supplemental Admiralty Rule ("LAR") 130 for an order of default *in rem* against defendant vessel, and default judgment against the same.  Plaintiff has also moved for the entry of a Judgment Foreclosing the Preferred Marine Mortgage on the defendant vessel, an Order of Sale of the vessel, and an order of judgment against defendant Jones *in personam* for the amount owed under the promissory note.  Defendant Jones has failed to respond to the instant motion.

    Having reviewed plaintiff's motion and the remainder of the record, the Court does hereby

ORDER
PAGE – 1

find and ORDER:

(1) Plaintiff's Motion for Default Judgment (Dkt. #31) is GRANTED. The Court will enter a default judgment in an *in rem* proceeding upon a showing that: (a) notice has been given as required by LAR 130 and Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Assets and Forfeiture Actions; (b) the time to file an Answer has expired; and (c) no one has appeared to claim the property. Fed. R. Civ. P. 55(b); LAR 130.

Plaintiff has fulfilled the notice requirements by publishing the notice of action and arrest in the Seattle Daily Journal of Commerce on February 13, 2007, by serving the complaint, arrest and motion papers on defendant Jones, as well as the substitute custodian of record in this action, and by ascertaining that no other valid lien claimants exist. No verified statement of right or interest has been filed or served by any potential claimant, and no one, including defendant Jones, has filed an Answer on behalf of the vessel. Because Plaintiff has complied with all notice requirements, the time to respond has expired, and no one has appeared to claim the vessel, an entry of default and default judgment is proper against the vessel.

Further, Title 46 U.S.C. § 31325 provides that, upon default of any term of a preferred ship mortgage, the mortgagee may enforce the preferred ship mortgage lien against the vessel in an *in rem* proceeding. 46 U.S.C. § 31325. That section allows a judicial sale of the vessel to enforce a preferred ship mortgage. Such a sale terminates any claim in the vessel existing on the date of the sale, and the vessel is sold free and clear of any liens. 46 U.S.C. § 31326(a); *HGN Corp. v. Coinseco Alpha*, 1985 AMC 1083, 1087 (S.D. Cal. 1984). The claims enforced in the civil action then attach to the proceeds of the sale of the vessel. 46 U.S.C. § 31326(b). Preferred mortgage liens have priority over most other claims against the vessel. 46 U.S.C. § 31326(b)(1). Accordingly, plaintiff's proposed Judgment In Rem and Judgment Foreclosing the Preferred Marine Mortgage shall be ENTERED.

ORDER
PAGE – 2

1    The Court has determined that an entry of default judgment against the vessel is
2 appropriate in this action. Plaintiff, holder of a preferred mortgage lien and the only known
3 claimant, is entitled to sell the vessel in order to satisfy the judgment. The sale is to be
4 accomplished pursuant to the provisions set out in the Judgment in Rem and Judgment
5 Foreclosing the Preferred Marine Mortgage.

6    (2)  For the reasons set forth in plaintiff's briefing, the Court agrees that summary
7 judgment against defendant Jones *in personam* is appropriate. Mr. Jones has admitted that he
8 has no proof of payment on the mortgage secured by the P/C Phantom, nor has he provided any
9 evidence demonstrating a genuine issue of material fact in response to the instant motion.
10 Accordingly, plaintiff's proposed Judgment In Personam shall be ENTERED.

11    (3) The Clerk is directed to forward a copy of this Order to defendant Jones and all
12 counsel of record.

13    (4) This case is now CLOSED.

14    DATED this 29th day of June, 2007.

                                            RICARDO S. MARTINEZ
                                            UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 3