UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. C07-0030RSM |
| v. ) | |
| ) | |
| P/C PHANTOM, *et al.*, ) | ORDER DENYING MOTION |
| ) | FOR CONTINUANCE |
| Defendants. ) | |

This matter comes before the Court on defendant Alfred L. Jones' Motion for Continuance in Reply to Plaintiff's Motion for Default. (Dkt. #42). The instant action was commenced on January 8, 2007. Plaintiff sued defendant P/C Phantom *in rem* and defendant Alfred L. Jones *in personam*. Defendant Jones initially appeared *pro se*, and all of his filings explicitly stated that he was appearing on his own behalf *in personam*. The vessel Phantom did not appear in this action.[1] As a result, on June 7, 2007, plaintiff moved pursuant to Federal Rules of Civil Procedure 55 and 56 and Supplemental Admiralty Rule ("LAR") 130 for an order of default *in rem* against defendant vessel, and default judgment against the same. Plaintiff also moved for the entry of a Judgment Foreclosing the Preferred Marine Mortgage on the defendant vessel, an Order of Sale of the vessel, and an order of judgment against defendant Jones *in*

---

[1] Counsel has recently entered a notice of appearance on behalf of both Mr. Jones *in personam* and the vessel Phantom *in rem*. The Court notes that defendant Jones was not represented by counsel on the instant motion or on any of the responsive briefing in support of the instant motion.

ORDER
PAGE – 1

*personam* for the amount owed under the promissory note.  That motion was noted for consideration by the Court on June 29, 2007.  Accordingly, any response was due on June 25, 2007.  Local Rule CR 7(d)(3).  However, no response was filed on that date, and, on June 29, 2007, this Court granted plaintiff's motion and entered default judgment against defendants.

On July 3, 2007, defendant Jones filed the instant motion.  He argues that he needs additional time to conduct discovery in order to respond to plaintiff's motion, and informs the Court that he did not receive notice of the motion until June 26, 2007, because he was out of town on a five week business trip.  Plaintiff opposes the motion.

The Court, having reviewed defendant's motion, plaintiff's opposition, and the remainder of the record, hereby finds and ORDERS:

(1) Defendant's Motion for Continuance (Dkt. #42) is DENIED.  Defendant does not indicate any authority under which he moves for a continuance or extension of time; however, plaintiff has construed the motion as one under Federal Rule for Civil Procedure 6(b)(2).  The Court construes the motion as the same.  Rule 6 provides:

> Enlargement.  When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them.

Fed. R. Civ. P. 6(b).

In this case, defendant has failed to demonstrate excusable neglect.  Even accepting defendant's assertion that he did not receive plaintiff's motion until June 26, 2007, which is undermined by evidence presented by plaintiff appearing to demonstrate that defendant was in Seattle at least as early as June 19, 2007 (dkt. #46 at 7), defendant has not explained to the Court why he did not make the instant motion prior to June 29, 2007, the date on which

ORDER
PAGE – 2

plaintiff's motion was noted for consideration by this Court. Indeed, defendant provides no explanation at all for why he waited until four days after the Court had already granted plaintiff's motion – and the day before this Court was closed for a federal holiday – to request an extension of time to respond to that motion. Accordingly, this Court finds no good cause to vacate its previous orders and reopen plaintiff's motion for default.

(2) The previous Orders made in this case shall stand as entered. The case shall remain OPEN until the sale of the vessel have been resolved, and all fees, costs, and/or any deficiencies have been approved by the Court.

(3) The Clerk shall direct a copy of this Order to all counsel of record and the substitute custodian of record.

DATED this 3rd day of August, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 3